The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion on "whether or not policemen, who work for the City of Bradford, could be made to live in the city limits."
A similar question was addressed in Op. Att'y Gen. 96-080 (copy enclosed) wherein it was concluded that the City of Hot Springs had the authority to require all city employees to reside in Hot Springs or in Garland County. It was concluded that such action was within the power of a city of the first class and that in all likelihood, no constitutional objection would be sustained against such an ordinance.
The only distinction between Op. 96-080 and the question you pose is that the City of Bradford is a city of the second class, not a city of the first class, as is Hot Springs. In my opinion the conclusion is the same with regard to both classifications of cities.
Cities of the second class, if operating under a "charter," have the authority to exercise all powers relating to "municipal affairs." A.C.A. § 14-42-307(a) (Repl. 1998). Cf. A.C.A. § 14-43-602 (cited in Op. Att'y Gen. 96-080, giving any city of the first class power over municipal affairs). Even if a particular city of the second class does not operate under a "charter," however, it is my opinion that the general statutes relating to the passage of ordinances in such cities empower them to adopt an ordinance of the kind you describe. Sections 14-55-101; -102 and -103 of the Arkansas Code provide respectively as follows:
 Municipal corporations shall have the power to make and publish from time to time bylaws or ordinances, not inconsistent with the laws of this state, for carrying into effect or discharging the powers or duties conferred by the provisions of this subtitle.
 Municipal corporations shall have power to make and publish bylaws and ordinances, not inconsistent with the laws of this state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof.
 It is the duty of municipal corporations to publish such bylaws and ordinances as shall be necessary to:
 (1) Secure such corporations and their inhabitants against injuries by fire, thieves, robbers, burglars, and other persons violating the public peace;
(2) Suppress riots, gambling, and indecent and disorderly conduct, and
 (3) Punish all lewd and lascivious behavior in the streets and other public places.
Similar language in other states has been held to authorize the imposition of residency requirements on police officers and firefighters. See, e.g., Smith, 4 A.L.R. 4th 380, § 3(e) (Validity,Construction, and Application of Enactments Relating to Requirement ofResidency Within or Near Specified Governmental Unit as Condition ofContinued Employment for Policemen or Firemen) and cases cited therein at 399-400.
In my opinion, therefore, cities of the second class are authorized to enact ordinances requiring police officers and firefighters to reside within the city limits. The constitutional implications of such an ordinance are addressed in Op. Att'y Gen. 96-080, attached.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure